UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **MAIRA MONTELONGO,** **Plaintiff,** v. Red Beard LLC d/b/a Red Beard Telecom d/b/a Red Beard IT, Nicholas Matta, Jeremy Matta, Elliot Truong, John/Jane Does 1-5 **Defendants** | § § § § § Civil Action No. 5:19-cv-1123 § § § § |
| | |

**Plaintiff's Original Complaint**

**Parties**

1. The Plaintiff Maira Montelongo is a natural person and was present in Texas for all phone calls at issue in this case, residing in Kerr County.

2. Red Beard LLC d/b/a Red Beard Telecom d/b/a Red Beard IT, is a California corporation that can be served via registered agent Nicholas Matta, 602 S. Cypress St. #C, Orange, CA 92866.

3. Nicholas Matta is a natural person, and CEO/Systems Engineer of Red Beard IT and registered agent of Red Beard LLC.

4. Jeremy Matta is a natural person and Senior Design Engineer of Red Beard IT.

5. Elliot Truong is a natural person and Software Developer of Red Beard IT.

6. John/Jane Does 1-4 are other liable parties currently unknown to the Plaintiff.

## JURISDICTION AND VENUE

7. **Jurisdiction**.  This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the Telephone Consumer Protection Act (hereinafter "TCPA") is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 305.053 because that claim: arises from the same nucleus of operative fact, i.e., Defendants' telemarketing robocalls to Plaintiff; adds little complexity to the case, is not asking for monetary damages, so it is unlikely to predominate over the TCPA claims.

8. **Personal Jurisdiction.**  This Court has general personal jurisdiction over the Defendants because they have repeatedly placed calls to Texas residents, and derive revenue from Texas residents, and sell goods and services to Texas residents, including the Plaintiff. *47 US Code §227(e)(9)(g)(4) see also Tex. Civ. Prac. & Rem. Code § 17.042.*

9. This Court has specific personal jurisdiction over the Defendants because the calls at issue were made by or on behalf of the defendants into this district, the Plaintiff resides in

this district, and the Defendants committed a tort in Texas by violating the TCPA. *47 US Code §227(e)(9)(g)(4) see also Tex. Civ. Prac. & Rem. Code § 17.042.*

10.  **Venue.**  Venue is proper in this District pursuant to *28 U.S.C. § 1391(b)(1)-(2)* because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at Texas residents, including the Plaintiff—occurred in this District and because the Plaintiff resides in this District  and was residing in the Western District of Texas when she received a substantial every call from the Defendants that are the subject matter of this lawsuit.

11.  This Court has venue over the Defendants because the calls at issue were sent by or on behalf of the above named Defendants to the Plaintiff a Texas resident.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

12.  In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding telemarketing.

13.  The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *47 U.S.C. § 227(b)(1)(A)(iii).*

14.  The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is

exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

15. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

16. Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

17. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

18. According to findings by the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

19. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

20. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver pre-recorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number

the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

21. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

22. The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

23. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

24. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp.

2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

### The Texas Business and Commerce Code 305.053

25. The Texas Business and Commerce code has an analogous portion that is related to the TCPA and was violated in this case.

26. The Plaintiff may seek damages under this Texas law for violations of 47 USC 227 or subchapter A and seek $500 in statutory damages or $1500 for willful or knowing damages.

### FACTUAL ALLEGATIONS

27. The Defendants in this case contacted, via phone solicitation through third party telemarketers, persons in the general public to inquire as to their desire to reconsolidate, refinance or otherwise manage their student loan debt.

28. Defendants do not work on behalf of or in conjunction with the US Department of Education ("DOE") in any way.

29. Rather Defendants insert themselves, by way of unsolicited phone calls, as brokers connecting students to loan forgiveness and/or restructuring programs offered by the DOE free of charge on the DOE website.

30. Defendants Red Beard LLC d/b/a Red Beard Telecom d/b/a Red Beard IT (hereinafter "Red Beard") Jeremy Matta, and Elliot Truong work in conjunction to solicit and provide for profit loan forgiveness services to those contacted on their behalf.

**Red Beard, Nicholas Matta, Jeremy Matta and Elliot Truong's calls to the Plaintiff**

31. Plaintiff Ms. Montelongo received multiple calls from a variety of spoofed or non-existent phone numbers that contained a pre-recorded message. The calls had a delay of 2-3 seconds of dead air before connecting to an agent, and Plaintiff heard an audible tone, indicating the calls were initiated using an Automated Telephone Dialing System ( hereinafter "ATDS").

32. Plaintiff became annoyed, frustrated and distracted by the frequency of the calls that were coming during her work day or while spending quality time with her three children.

33. Plaintiff felt overwhelmed by these unsolicited, often untraceable, calls and decided to take action by recording her interactions with these telemarketers.

34. The telemarketers at issue here had thick foreign accents that made it difficult to discern the veracity of what they were saying. These same persons, along with others, were very short and discourteous in their conversations with Plaintiff and did not identify themselves or make known who they were calling on behalf of.

35. In the past year the calls to Plaintiff, again from spoofed and non-working caller ID's, mislead her into picking up the phone when she otherwise would not.

36. Red Beard, Nicholas Matta, Jeremy Matta and Elliot Truong are in the business of developing strategies to make unsolicited telemarketing calls across the country for themselves and others, and have been doing so for more than a year.

37. The Plaintiff received no less than 61 phone calls soliciting her to reorganize student loan debt from Defendants Red Beard, Nicholas Matta, Jeremy Matta and Elliot Truong.

38. At all times relevant to the claims alleged herein, Nicholas Matta was the CEO of Red Beard LLC, Jeremy Matta was Senior Design Engineer for Red Beard IT and Elliot Truong was the Software Developer for Red Beard IT. Red Beard is a small, closely held company.

39. Nicholas Matta is also the registered agent of Red Beard LLC.

40. Nicholas Matta, as CEO of Red Beard, Jeremy Matta as Senior Design Engineer and Elliot Truong as Software Developer directed the telemarketing calls done for the benefit of Red Beard, and knew foreign telemarketers conducted unsolicited pre-recorded calls using ATDS on their behalf. Nicholas Matta's companies develop the software, databases, and information technology used to execute the telemarketing calls at issue here.

41. Ms. Montelongo has limited data storage capacity on her cellular telephone. Incoming calls from Defendants consumed part of this capacity.

42. The calls to Plaintiff by Defendants were unwanted and unsolicited.

43. No emergency necessitated the calls.

44. Each call was initiated by a pre-recorded voice and/or ATDS.

**Red Beard, Nicholas Matta, Jeremy Matta, and Elliot Truong's Knowing and Willful Violations of Telemarketing Regulations**

45. Nicholas Matta, Jeremy Matta and Elliot Truong were aware that Red Beard was sending automated telemarketing calls in masse to the public at large, including Plaintiff.

46. Red Beard, Nicholas Matta, Jeremy Matta, and Elliot Truong violated the TCPA by initiating numerous pre-recorded automated calls to the Plaintiff without her consent.

47. As CEO of Red Beard, Nicholas Matta had the power to fire the managers and employees taking part in the day-to-day execution of this operation and thereby stop these

unscrupulous, illegal telemarketing practices. Jeremy Matta, as Senior Design Engineer of Red Beard IT, and Elliot Truong, as Software Developer of Red Beard IT, personally participated in the development of the software used to execute these illegal calls and their efforts were ongoing at all relevant times of this complaint.

**The Plaintiff's cell phone is a residential number**

48.  The unsolicited calls were to the Plaintiff's cellular phone number 830-456-0826, which is the Plaintiff's personal cell phone that she uses for family and household use. The Plaintiff maintains no landline phones at her residence and has not done so for at least 10 years and primarily relies on cellular phones to communicate with friends and family. The Plaintiff also uses her cell phone for navigation purposes, sending and receiving emails, timing food when cooking, video chatting with loved ones and sending and receiving text messages. The Plaintiff further has her cell phone registered in her personal name, pays the cell phone from her personal accounts, and the phone is not primarily used for any business purpose.

**Violations of the Texas Business and Commerce Code 305.053**

49.  The actions of the Defendants violated the *Texas Business and Commerce Code 305.053* by placing automated calls to a cell phone which violate *47 USC 227(b)*. The calls violated Texas law by placing calls with a pre-recorded message to a cell phone which violate *47 USC 227(c)(5)* and *47 USC 227(d)* and *47 USC 227(d)(3)* and *47 USC 227(e)*.

50. The calls by the Defendants violated Texas law by spoofing the caller ID's per *47 USC 227(e)* which in turn violates the Texas statute.

### I.      FIRST CLAIM FOR RELIEF

**(Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))**

**(Against All Defendants)**

1.      Plaintiff Ms. Montelongo realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

2.      The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the TCPA, *47 U.S.C. § 227(b)(1)(A)*, by making non-emergency telemarketing robocalls to Ms. Montelongo's cellular telephone number without her prior express written consent.

3.      Ms.Montelongo is entitled to an award of at least $500 in damages for each such violation. *47 U.S.C. § 227(b)(3)(B)*.

4.      Ms. Montelongo is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. *47 U.S.C. § 227(b)(3)*.

5.      Ms. Montelongo also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without the prior express written consent of the called party.

## II. SECOND CLAIM FOR RELIEF

### (Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d))

### (Against All Defendants)

6. Plaintiff Ms. Montelongo realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

7. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking:

a. Describing in the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of *47 C.F.R. § 64.1200(d)(4).*[2]

8. Ms. Montelongo is entitled to an award of at least $500 in damages for each such violation. *47 U.S.C. § 227(c)(5)(B)*.

9. Ms. Montelongo is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. *47 U.S.C. § 227(c)(5)*.

10. Ms. Montelongo also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making telemarketing solicitations until and unless they include the name of the individual caller and AFS's name in the solicitations.

### III. THIRD Claim for Relief

### Violations of The Texas Business and Commerce Code 305.053

11. Ms. Montelongo re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

12. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the *Texas Business and Commerce Code 305.053,* by making non-emergency telemarketing robocalls to Ms. Montelongo's cellular telephone number without her prior express written consent in violation of *47 USC 227 et seq*. The Defendants violated *47 USC 227(d)* and *47 USC 227(d)(3)* and *47 USC 227(e)* by using an pre-recorded messages and/or ATDS that does not comply with the technical and procedural standards under this subsection.

13. Ms. Montelongo is entitled to an award of at least $500 in damages for each such violation. *Texas Business and Commerce Code 305.053(b)*

14. Ms. Montelongo is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. *Texas Business and Commerce Code 305.053(c)*.

### IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Maira Montelongo prays for judgment against the Defendants jointly and severally as follows:

A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendants violate the TCPA and Texas state law;

C. An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D. An award of $3,000.00 (three thousand dollars) per call in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation and individual for each and every call.

E. An award of $1,500.00 (fifteen hundred dollars) in statutory damages per call arising from violations of the *Texas Business and Commerce code 305.053*.

F. An award to Ms. Montelongo of damages, as allowed by law under the TCPA.

G. An award to Ms. Montelongo of interest, costs and attorneys' fees, as allowed by law and equity

H. Such further relief as the Court deems necessary, just, and proper.

Respectfully submitted:

/s/ Leland McRae

**Leland Garrett McRae**
SBN 24086374
1150 N. Loop 1604 W, Ste 108-461
San Antonio, TX  78248
Phone: 210-569-0434
FAX: 210-493-6080
EMAIL: leland@lelandmcrae.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of September, 2019,  Red Beard LLC d/b/a Red Beard Telecom d/b/a Red Beard IT, was served via registered agent Nicholas Matta, 602 S. Cypress St. #C, Orange, CA 92866. Also Jeremy Matta 602 S. Cypress St. #C, Orange, CA 92866, and Elliot Truong 602 S. Cypress St. #C, Orange, CA 92866 were served with the above complaint as well.

/s/ Leland McRae

**Leland Garrett McRae**

**SBN 24086374**
**1150 N. Loop 1604 W, Ste 108-461**
**San Antonio, TX  78248**
**Phone: 210-569-0434**
**FAX: 210-493-6080**
**EMAIL: leland@lelandmcrae.com**

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

[2] *See id.* at 425 – 26 (codifying a June 26, 2003 FCC order).