IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MAIRA MONTELONGO, | § § | |
| *Plaintiff,* | § § § | SA-19-CV-01123-FB |
| vs. | § § | |
| RED BEARD LLC, D/B/A RED BEARD TELECOM, D/B/A RED BEARD IT; JEREMY MATTA, ELLIOT TRUONG, NICHOLAS MATTA, JOHN/JANE DOES 1-5, | § § § § § § § | |
| *Defendants.* | § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the above-styled cause of action. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#40]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that this case be **DISMISSED** for want of prosecution.

### I.  Background

Plaintiff filed this action against Defendants Red Beard LLC, Jeremy Matta, Elliot Truong, Nicholas Matta, and John and Jane Does 1–5 on September 16, 2019, alleging violations of the Telephone Consumer Protection Act of 1991 and the Texas Business and Commerce Code. Plaintiff's Complaint alleged that Defendants used third-party telemarketers to solicit her by placing calls on her cell phone to ask her to participate in student loan forgiveness and loan restructuring programs. Defendants filed separate motions to dismiss for lack of personal

1

jurisdiction pursuant to Rule 12(b)(2), and Plaintiff responded by filing an Amended Complaint. The District Court thereafter dismissed the motions to dismiss as moot in light of the amended pleading. No Defendant filed an answer or other responsive pleading, and on March 9, 2020 the District Court ordered the parties to apprise the Court regarding the status of the litigation or face dismissal for failure to prosecute.

In response to the Court's Order, Plaintiff filed motions for entry of default against the individual Defendants and Red Beard on April 28, 2020, and Plaintiff filed an Advisory informing the Court that Defendants' counsel had been unresponsive to her attorney's attempts to confer about the case. The following day, counsel for Defendants moved for an extension of time to file an answer or response to Plaintiff's Amended Complaint, and each Defendant also filed a renewed motion to dismiss for lack of personal jurisdiction [#24, #28, #32, #36] and answer. The District Court granted Defendants' motion for leave to file the untimely responses and denied the motions for clerk's entry of default on May 14, 2020 and then referred the case to the undersigned for pretrial proceedings.

Upon referral of the case, the undersigned reviewed the procedural history of the case and noted that Plaintiff had failed to file a response to Defendants' motions to dismiss during the time prescribed by this Court's Local Rules. As Defendants' motions were filed on April 29, 2020, Plaintiff's responses were due on May 13, 2020. *See* Loc. R. CV-7(e) (responses to dispositive motions due within 14 days of motion's filing). Pursuant to Local Rule CV-7(e), if there is no response filed within the time period prescribed by the rules, the court may grant the motion as unopposed. The undersigned therefore entered a Show Cause Order on May 26, 2020 [#41], ordering Plaintiff to file a response addressing her burden to make a *prima facie* showing of personal jurisdiction over Defendants or why this case should not be dismissed for want of

prosecution. The undersigned warned Plaintiff that a failure to follow the order could result in dismissal of her case for want of prosecution. The deadline in the Show Cause Order was June 1, 2020. To date, Plaintiff has neither filed a response to Defendants' motions, which were filed over one month ago, nor responded to the Show Cause Order.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988) (per curiam); Fed. R. Civ. P. 41(b). In light of Plaintiff's failure to comply with this Court's Show Cause Order or to defend against Defendants' motions to dismiss for lack of personal jurisdiction, the Court will recommend that Plaintiff's Complaint be dismissed for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## II.  Conclusion and Recommendation

Having considered the record in this case, the undersigned recommends that this case be **DISMISSED** for want of prosecution.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider

frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

    SIGNED this 4th day of June, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE